## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YAEL CANAAN,

                        Plaintiff,

         vs.

CARNEGIE MELLON UNIVERSITY,

                       Defendant.

Civil Action No.: 23-02107

**The Honorable W. Scott Hardy**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 16
SCHEDULING CONFERENCE AND ENTRY OF SCHEDULING ORDER**

1

# TABLE OF AUTHORITIES

**Cases**

*Antioch Co. v. Scrapbook Borders, Inc.*,
    210 F.R.D. 645 (D. Minn. 2002) ............................................................................. 4

*Coca-Cola Bottling Co. of Lehigh Valley v. Grol*,
    No. 92-7061, 1993 WL 13139559 (E.D. Pa. Mar. 8, 1993) ...................................... 5

*Creative Pultrusions, Inc. v. Cooper B-Line, Inc.*,
    No. 3:18-cv-256, 2019 WL 4058660 (W.D. Pa. Aug. 27, 2019) ............................... 5

*Semitool, Inc. v. Tokyo Electron Am.*,
    208 F.R.D. 273 (N.D. Cal. 2002) ............................................................................. 5

*Sempier v. Johnson & Higgins*,
    45 F.3d 724 (3d Cir. 1995) ..................................................................................... 4

**Rules**

Fed. R. Civ. P. 16(a) .............................................................................................. 4

Fed. R. Civ. P. 26(f) .............................................................................................. 3

Practices and Proc. of Judge W. Scott Hardy § II.B.3 ................................................. 5

W.D. Pa. R. Civ. P. 16.1(A)(1) .................................................................................. 4

W.D. Pa. R. Civ. P. 16.1(A)(2) .................................................................................. 4

W.D. Pa. R. Civ. P. 16.1(B)(1) .................................................................................. 4

Plaintiff Yael Canaan, by her undersigned attorneys, hereby submits this memorandum of law in support of her motion (the "Motion") for entry of an order (i) setting an initial scheduling conference pursuant to Rule 16 of the Rules of Civil Procedure and Rule 16.1 of the Local Rules of the Western District of Pennsylvania ("Local Rules"), as soon as reasonably practicable in April 2024; and (ii) granting other relief as it deems just and proper.

In support of the Motion, Ms. Canaan respectfully states as follows:

## BACKGROUND

1.      On December 13, 2023, Ms. Canaan filed her Complaint against Carnegie Mellon University ("CMU").  [ECF No. 1].  The Complaint alleges CMU discriminated and retaliated against Ms. Canaan because she is Jewish.  By doing so, CMU violated federal and state law and breached CMU's contractual obligation to provide Ms. Canaan a university education free from discrimination.  The Complaint paints a stark picture of Ms. Canaan's experience at CMU, where professors engaged in open and coordinated discrimination and harassment of a Jewish student while protected by CMU's senior executives, who foster a hostile, antisemitic culture.  The Complaint asserts five causes of action and seeks damages.

2.      On February 5, 2024, Ms. Canaan's counsel requested that the parties discuss matters contemplated by Federal Rule 26(f).  CMU's counsel declined.

3.      On February 8, 2024, counsel for Ms. Canaan and CMU met and conferred by telephone and Ms. Canaan's counsel reiterated the request to schedule a 26(f) conference and move forward with discovery.  CMU's counsel again declined Ms. Canaan's request, citing the absence of a Rule 16 Conference scheduled by the Court.

4.      On February 13, 2024, CMU filed a Motion to Dismiss [ECF No. 19] pursuant to Rule 12(b)(6).

5.     On March 5, 2024, Ms. Canaan opposed the Motion to Dismiss [ECF No. 29].

**ARGUMENT**

6.     Ms. Canaan seeks to move forward with the efficient resolution of her claims against CMU by preparing the case for trial.  Ms. Canaan submits that this case can be ready for trial near in time to when the Court resolves the pending Motion to Dismiss.  The first step in doing so requires a Rule 16 conference to trigger the discovery process.

7.     Federal Rule 16 provides that "[i]n any action, the court may order the attorneys … to appear for one or more pretrial conferences" for several purposes, including "expediting disposition of the action" and "establishing early and continuing control" over the matter.  Fed. R. Civ. P. 16(a).  Local Rule 16.1 contemplates that case scheduling shall commence with "a discovery phase to be governed by an initial scheduling order."  W.D. Pa. R. Civ. P. 16.1(A)(1). It requires the Court enter an order setting an initial scheduling conference and deadlines for the exchange of reports required by Federal Rule 26(f) "as soon as practicable but not later than thirty (30) days after the appearance of a defendant."  W.D. Pa. R. Civ. P. 16.1(A)(2).  Unless the Court finds "good cause" for delay, such conference shall take place within ninety (90) days of service of the Complaint or sixty (60) days of any defendant's appearance, whichever is earlier.  *Id.*  The initial scheduling order shall be issued as soon as reasonably practicable thereafter "but no later than at or immediately after the initial scheduling conference."  W.D. Pa. R. Civ. P. 16.1(B)(1). Under the Local Rules, the Court may—but is not required to—defer the initial scheduling conference during the pendency of a motion to dismiss.  W.D. Pa. R. Civ. P. 16.1(A)(2).

8.     Courts have wide discretion with respect to the timing and sequence of case management and discovery.  *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651 (D. Minn. 2002) (granting discovery

before Rule 26(f) conference and scheduling of pretrial conference).  While courts in this district sometimes stay discovery during the pendency of a dispositive motion, staying discovery is not favored and is ordinarily granted only upon a motion and a showing of good cause.  *See Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993); Practices and Proc. of Judge W. Scott Hardy § II.B.3.  In considering whether to stay discovery, the court "should balance the benefits and harms that would result to each party[.]" *Creative Pultrusions, Inc. v. Cooper B-Line, Inc.*, No. 3:18-cv-256, 2019 WL 4058660, at *3 (W.D. Pa. Aug. 27, 2019).  Discovery should not be stayed, and may even be expedited, "where the need … in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

9.     CMU has made no motion to stay discovery and has no cause to do so.  Engaging on Rule 26(f) issues, preserving documents and starting discovery now will ensure that discoverable material will be preserved and will be available for trial.  Ms. Canaan's life was deeply impacted by the events outlined in the Complaint, and she has a legitimate interest in the efficient administration of justice and should not be subjected to further and undue delay.

10.     CMU will suffer no prejudice from proceeding with case scheduling and discovery while its Motion to Dismiss is pending.  Indeed, as time passes and another class of students graduate and the summer break approaches, discovery may become increasingly difficult, burdensome and costly to both parties.

11.     Ms. Canaan continues to seek and is prepared to engage in discussions with Defendant regarding initial case scheduling issues, including the exchange of information required by Rule 26(f), topics of and schedules for discovery, form and manner of protections for any exchanged discovery, and scheduling of dispositive motions and responses.  Accordingly, and to

move the case along as efficiently as possible, Plaintiff now respectfully requests that the Court set an Initial Rule 16 Scheduling Conference thereby triggering the parties' obligation to meet and confer on various matters, including a proposed initial scheduling order.

**CONCLUSION**

For the aforementioned reasons, Ms. Canaan requests that the Court grant the relief requested in the Motion or such other relief as the Court deems just and proper.


Dated: March 8, 2024                    Respectfully Submitted,

                                        SIMPSON THACHER & BARTLETT LLP


                                        /s/ *Bryce L. Friedman*
                                        Bryce L. Friedman
                                        Jamie J. Fell
                                        Zachary J. Weiner
                                        Alexander C. Rabinowitz
                                        Albert J. Tagliaferri
                                        425 Lexington Avenue
                                        New York, NY 10017
                                        Telephone: (212) 455-2000
                                        Email: bfriedman@stblaw.com
                                              jamie.fell@stblaw.com
                                              zachary.weiner@stblaw.com
                                              alexander.rabinowitz@stblaw.com
                                              albert.tagliaferri@stblaw.com



                                        THE LAWFARE PROJECT


                                        /s/ *Ziporah Reich*
                                        Ziporah Reich
                                        633 Third Avenue, 21st Floor
                                        New York, NY 10017
                                        Tel: (212) 339-6995
                                        Email: Ziporah@theLawfareProject.org

                                        *Attorneys for Plaintiff Yael Canaan*