IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAEL CANAAN, | ) | Civil Action No. 2:23-cv-02107-WSH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 16
SCHEDULING CONFERENCE AND ENTRY OF SCHEDULING ORDER**

Defendant Carnegie Mellon University ("CMU" or "University") files this Response in Opposition to Plaintiff's Motion for Rule 16 Scheduling Conference and Entry of Scheduling Order (Doc. No. 31), stating as follows:

1. The starting point when any party requests relief that falls within a court's inherent power to control its own docket are the Local Rules of Civil Procedure and the Practices and Procedures of the presiding judge. Courts and judges publish such rules to provide notice to parties with regard to local practice and streamline cases to obviate the need for undue motion practice, which consumes the time and resources of the parties and the Court unnecessarily.

2. As a result, the presumption in any case is that the Local Rules and the judge's Practices and Procedures will govern, absent a showing that the facts and circumstances of a given case differ sufficiently from the norm to merit a departure from those rules. *McGovern v. Correct Care Solutions, LLC*, No. 3:15-CV-221, 2018 WL 769309, at *1 n.2 (W.D. Pa. Feb. 6, 2018).

3. On March 8, 2024, Plaintiff filed a Motion for Rule 16 Scheduling Conference and Entry of Scheduling Order (Doc. No. 31) (the "Rule 16 Motion") and Memorandum of Law in Support (Doc. No. 32), requesting that this Court depart from its ordinary Practices and Procedures

to schedule an early initial case scheduling conference as soon as practicable in April 2024. Plaintiff made no case for why her claims were sufficiently different from the norm to justify a departure from the Court's procedures.

4. Canaan acknowledges that this Court has already spoken with respect to the timing and sequence of case management and discovery by promulgating its Chambers-specific Practices and Procedures. (Doc. No. 32 at ¶ 8; Practices and Proc. of Judge W. Scott Hardy.)

5. Under this Court's Practices and Procedures, "[t]he Court will generally issue an order setting the date of the [(Initial Case Management Conference)] within thirty (30) days after the filing of a responsive pleading." Practices and Proc. of Judge W. Scott Hardy § II.A.1. In addition, "[p]rior to the conference, the parties are expected to meet and confer and file their report pursuant to Fed.R.Civ.P. 26(f)." *Id.*

6. Nevertheless, in her Memorandum of Law in Support, Canaan argues that the discovery process should commence, notwithstanding the Court's Practices and Procedures and the University's pending Motion to Dismiss as to all of her claims (Doc. No. 19), because "CMU has made no motion to stay discovery and has no cause to do so," and "CMU will suffer no prejudice from proceeding with case scheduling and discovery while its Motion to Dismiss is pending." (Doc. No. 32 at ¶¶ 9-10.)

7. Of course, the University has to date made no motion to stay discovery because nothing in the Court's procedures or local practice would suggest that discovery should or would begin yet. This Court's Practices and Procedures already set forth the sequence and timing of events leading up to the commencement of discovery. Practices and Proc. of Judge W. Scott Hardy § II.A.1. The University is merely abiding by them. The University has not filed a responsive pleading, and will not file a responsive pleading until after the Court rules on its Motion to Dismiss,

2

to the extent any claims survive. Even if any claims survive, the Court may order Canaan to file an amended complaint (even though the University believes leave to amend should not be granted, as set forth in its Motion to Dismiss). The scope of discovery could be significantly impacted by any amendments to the Complaint, and even then a new complaint could be subject to further dispositive motions.

8. The University has preserved the documents and information in its possession, custody, and control relevant to this dispute consistent with its obligations; contrary to Canaan's suggestion, no Rule 26(f) conference is necessary to trigger those obligations, which the University takes extraordinarily seriously.

9. Canaan likewise makes no meaningful argument that the status quo will change between now and when the Court decides the pending motion, or that the passage of time will prejudice her in any way. The University in particular does not agree with Canaan that "as time passes and another class of students graduate and the summer break approaches, discovery may become increasingly difficult, burdensome and costly to both parties." (Doc. No. 32 ¶ 10). To the contrary, Canaan and her cohort have all already graduated from the University – seven months before she filed her Complaint. Indeed, the risk is far greater that proceeding with discovery when claims may be dismissed entirely, narrowed considerably, or altered via amendment would be wasteful, burdensome, and costly to the parties.

10. To that end, Canaan wrongly argues that the University will not be prejudiced if discovery were to commence on an expedited basis.

11. But the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a claim such that the motion "may be decided on its face without extensive factual development." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Nietzke v. Williams*,

490 U.S. 319, 326-27 (1989) (Rule 12(b)(6) motions serve to "streamline[] litigation by dispending with needless discovery and factfinding")).

12. Permitting discovery to move forward prior to deciding a motion to dismiss "defies common sense," where the entire purpose of such motion is to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Mann*, 375 F. App'x at 239 (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

13. As such, engaging in discovery as to all Canaan's claims while the University's Motion to Dismiss is pending will likely result in undue burden and expense. That undue burden and expense prejudices *both* the University and Canaan.

14. The University, having filed a motion to dismiss all of Canaan's claims as legally insufficient, does not believe that any discovery in this case will be warranted. If, however, Canaan is successful in stating a claim, then discovery will and must proceed in due course. The University opposes discovery moving forward, however, before Canaan demonstrates to the Court that she has in fact stated any claim.

15. For these reasons, the University opposes Canaan's Rule 16 Motion and respectfully requests the Court follow its standard Practices and Procedures in this case. The Initial Case Management Conference should be scheduled after the University files a responsive pleading. *See* Practices and Proc. of Judge W. Scott Hardy § II.A.1.

WHEREFORE, Defendant Carnegie Mellon University respectfully requests that this Court deny Plaintiff's Motion for Rule 16 Scheduling Conference and Entry of Scheduling Order.

Respectfully submitted,

Dated: March 14, 2024

*/s/ John Paul Regan*
John Paul Regan (Pa. I.D. 320664)

Saul Ewing LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
E-mail: JP.Regan@saul.com

Joshua W. B. Richards (Pa. I.D. 204315*)
Patrick F. Nugent (Pa. I.D. 313979*)
*Pro Hac Vice*
Saul Ewing LLP
1500 Market Street, 30th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7737 / (215) 972-7134
E-mail: Joshua.Richards@saul.com
E-mail: Patrick.Nugent@saul.com

*Counsel for Defendant Carnegie Mellon University*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 14, 2024                               */s/ John Paul Regan*