**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YAEL CANAAN,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>　　　　　　　　　Defendant. | Civil Action No. 23-02107-WSH<br><br>**The Honorable W. Scott Hardy** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 16 SCHEDULING CONFERENCE AND ENTRY OF SCHEDULING ORDER**

Plaintiff Yael Canaan respectfully submits this reply memorandum in further support of her motion [ECF No. 31] (the "Motion")[1] for entry of an order setting an initial scheduling conference pursuant to Federal Rule 16 and Local Rule 16.1 as soon as reasonably practicable in April 2024, and respectfully states as follows:

## ARGUMENT

Carnegie Mellon University ("CMU") unlawfully discriminated and retaliated against Ms. Canaan because she is Jewish. CMU concedes that the Complaint's allegations of CMU's conduct are "shock[ing]", "deeply troubling", and "repugnant", and that it plainly alleges that Ms. Canaan "experienced a series of antisemitic acts and that [CMU] did not pursue her allegations adequately."[2] These concessions by CMU are enough to show that this case will proceed to trial. Yet, CMU continues to do everything it can to avoid reckoning with Ms. Canaan's experience at CMU by refusing to participate in a Rule 26(f) conference and prepare this case for resolution. While CMU has filed a facially unmeritorious Motion to Dismiss ignoring controlling Third Circuit case law (among other defects), CMU has not moved for a stay of discovery because it knows one is not warranted. Therefore, CMU has taken the unsupportable position that its pending Motion to Dismiss stays all other obligations under the Federal Rules, including the obligation to, among other things, meet and confer about preservation of documents and evidence, make initial disclosures, and set a schedule for the case. CMU is mistaken. Accordingly, the Court should schedule a Rule 16 conference, requiring CMU to meet and confer with Ms. Canaan's counsel to prepare this case for resolution and avoid further prejudice to Ms. Canaan from the diversion, delay, and stonewalling that is emblematic of CMU's approach to Ms. Canaan.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2] ECF 29 ("Pl. Opp. Br.") at 8.

*First*, CMU is incorrect to suggest that the filing of a motion to dismiss actually or effectively stays discovery. There is nothing in the Federal Rules that stays discovery upon the filing of a motion to dismiss.[3] And, the Court's Procedures say that the "filing of a dispositive motion does not automatically stay discovery." Practices and Proc. of Judge W. Scott Hardy § II.B(3). While the Court's Procedures say it "will *generally* issue an order" setting an initial scheduling conference within thirty days of a "responsive pleading," *id.* § II.A(1) (emphasis added), that statement does not effect a stay of discovery or preclude a Rule 16 conference before the filing of an answer. Federal Rule 1 provides that the Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The best way to accomplish that purpose is to set a Rule 16 conference now. A *de facto* stay will accomplish none of these things, especially when the median time to publish a decision on a motion to dismiss in this District is nearly three months after briefing.[4]

*Second*, since no rule automatically stays discovery, CMU must show "good cause" for imposing such a stay, and this Court has "broad discretion" to determine the "time and sequence of discovery," and to consider whether "good cause" exists to stay discovery. *Teets v. Doe One*, 2021 WL 808572, at *1 (W.D. Pa. Mar. 3, 2021) (Hardy, J.). Where a court has reviewed the

---

[3] *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) ("[T]he mere filing of a motion to dismiss does not stay discovery."); *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 348 (E.D. Pa. 2000) ("[T]he court should not automatically stay discovery because a motion to dismiss has been filed . . . [but instead] should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay.").

[4] *See* Westlaw Edge, *Litigation Analytics Report for United States District Court, W.D. Pennsylvania*, WESTLAW, https://1.next.westlaw.com/Analytics/Profiler?docGUID=2202&contentType=court&transitionType=OverviewLitigationAnalytics&contextData=(sc.Default)#/court/2202/motionReport (last visited Mar. 21, 2024).

2

motion to dismiss briefing and "cannot conclude that only one result could be reached," the pending motion to dismiss "cannot justify granting a stay of discovery." *Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 2013 WL 2253532, at *3 (D.N.J. May 22, 2013).

CMU's arguments undercut any notion that it has shown "good cause." On Count I, CMU disingenuously argues that Ms. Canaan's discrimination claim fails because she did not allege that non-Jews were treated differently than Jews at CMU. ECF 33 ("Def. Reply Br.") at 7. Ms. Canaan did plead comparative allegations regarding her disparate treatment and doing so is not the only way to plead discrimination under well-settled Third Circuit law that CMU simply ignores. Pl. Opp. Br. at 17-18 (citing *L.L. v. Evesham Township Bd. of Ed.*, 710 Fed. Appx. 545, 548 (3d Cir. 2017)). Ms. Canaan also alleged circumstances demonstrating a "causal nexus" between her status as a Jew of Israeli descent and the discrimination she suffered at the hands of CMU. That is enough to satisfy the "not onerous" standard required to survive a motion to dismiss. Pl. Opp. Br. at 18-19 (citing *Evesham,* 710 Fed. App'x. at 548-49).

On Count II, Ms. Canaan pointed to substantial authority that (i) the correct standard for a hostile environment claim is "severe or pervasive," (ii) teacher harassment is evaluated differently than peer harassment, and (iii) whether a hostile environment existed is not appropriate to decide at the pleading stage. Pl. Opp. Br. at 19-21. CMU resorts to arguing that many courts "simply got it wrong," which clearly does not warrant a stay of discovery. Def. Reply Br. at 10.

Similarly, on Counts III and V, CMU argues that Ms. Canaan's Title VI retaliation and IIED claims fail because CMU cannot be held liable for the actions of its faculty, *id.* at 14-15, 18-19, despite clear case law to the contrary, Pl. Opp. Br. at 25-26, 30-32. On Count IV, Ms. Canaan clearly delineated her contract with CMU, replete with clear promises to protect her from discrimination and retaliation, and explained how CMU ignored those promises and caused harm.

3

Pl. Opp. Br. at 26-28.  CMU, however, disregards these facts, instead narrowly interpreting its contractual obligations to make them nearly meaningless.  Def. Reply Br. at 15-17.  Again, none of CMU's arguments – all of which require the Court to ignore the weight of controlling case law – warrants a stay of discovery.

*Finally*, Ms. Canaan is asking CMU to follow the Rules, not "expedite discovery."  However, even if the Court agrees with CMU that Ms. Canaan has the burden to show "good cause" to proceed with the case as contemplated by the Federal Rules (rather than the burden of "good cause" resting with CMU to stay discovery), the balancing of prejudice to be borne by the parties weighs in favor of discovery.  *See Canal St. Films v. Does 1-22*, 2013 WL 1775063, at *3 (M.D. Pa. Apr. 25, 2013) (granting plaintiff's discovery request where "plaintiff's need . . . outweighs the possible prejudice or hardship to the defendant").

CMU either misstates or simply disagrees with the prejudice that delay could result in to Ms. Canaan and identifies no cognizable prejudice that it will suffer by proceeding to prepare this case for trial now.  Ms. Canaan expressed a reasonable concern that further delay, particularly considering the imminent approach of graduation and summer, could lead to valuable information and testimony becoming stale or more difficult and costly to obtain.  CMU argues that since Ms. Canaan's cohort has already graduated, no harm will be caused by the passage of another graduation.  However, this ignores the very real possibility that underclassmen may have witnessed the events alleged in the Complaint.  Ms. Canaan also deserves to have this matter efficiently administered so that she can put these deeply traumatic events behind her.  Moreover, in the three months since the Complaint was filed, CMU has continued to tolerate and foster a culture of

4

antisemitism, and Jewish students, continue to suffer.[5] The successful resolution of Ms. Canaan's suit could yield positive impacts for all Jewish students facing similar harm at CMU.

CMU, in turn, argues that the scope of discovery may be changed by the outcome of this Court's ruling on the Motion to Dismiss. Certainly CMU is hoping for that outcome, but its rationale is flawed. The five causes of action asserted in the Complaint are largely dependent upon the same operative facts that would be evidenced through discovery. Indeed, CMU's only bases for dismissal are technical pleading challenges and the repeated assertion that Ms. Canaan's allegations are not "severe" enough. There is little to no difference in the discovery that would be relevant to each claim. *See Schrob v. Catterson*, 967 F.2d 929, 940 (3d Cir. 1992) ("[A]ll of the claims asserted by [Plaintiff] arise from the same core set of facts, so discovery is not likely to be any less burdensome if some of the claims are dismissed."). Moreover, conducting discovery as a defendant in litigation is not "prejudice"; it is part of civil litigation.

---

[5] *See Pittsburgh Colleges Confront Student Tension Over Israel-Hamas War*, Pittsburgh Post-Gazette (Nov. 13, 2023), https://www.post-gazette.com/news/education/2023/11/12/pittsburgh-pitt-cmu-students-israel-hamas-conflict/stories/202311100114; *Israel-Hamas Conflict Sparks Tension and Concerns at Pittsburgh College Campuses*, Pittsburgh Post-Gazette (Oct. 19, 2023), https://www.post-gazette.com/news/education/2023/10/19/pittsburgh-israel-hamas-cmu-pitt-students/stories/202310180128.

**CONCLUSION**

For the aforementioned reasons, Ms. Canaan requests that the Court enter an order setting an initial scheduling conference pursuant to Federal Rule 16 and Local Rule 16.1 as soon as reasonably practicable in April 2024, and such other relief as the Court deems just and proper.

Dated: March 21, 2024                    Respectfully Submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ *Bryce L. Friedman*
Bryce L. Friedman
Jamie J. Fell
Zachary J. Weiner
Alexander C. Rabinowitz
Albert J. Tagliaferri
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Email: bfriedman@stblaw.com
       jamie.fell@stblaw.com
       zachary.weiner@stblaw.com
       alexander.rabinowitz@stblaw.com
       albert.tagliaferri@stblaw.com


THE LAWFARE PROJECT

/s/ *Ziporah Reich*
Ziporah Reich
633 Third Avenue, 21st Floor
New York, NY 10017
Tel: (212) 339-6995
Email: Ziporah@theLawfareProject.org

*Pro Bono Attorneys for Plaintiff Yael Canaan*