**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YAEL CANAAN, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 2:23-cv-02107-WSH |
| | ) | |
| v. | ) | |
| | ) | |
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CARNEGIE MELLON UNIVERSITY

Defendant Carnegie Mellon University ("CMU" or "Defendant"), by and through counsel, files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Yael Canaan, averring as follows.

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies each and every material allegation in the Complaint, including any contained in the Complaint's headings and footnotes, that is not otherwise specifically admitted herein.

## ANSWER TO COMPLAINT

1. Admitted in part, denied in part. It is admitted that CMU is located in Pittsburgh, Pennsylvania. It is also admitted that the language quoted in this paragraph is contained within Defendant's Statement of Assurance. Except as admitted, denied.[1]

---

[1] Here, and elsewhere, paragraphs of Plaintiff's Complaint include footnotes. It is unclear whether Plaintiff intends those footnotes to allege additional facts. To the extent that Plaintiff's footnotes are deemed to allege facts, those allegations are denied unless specifically admitted in Defendant's answer to the corresponding paragraph.

2.      Admitted in part, denied in part. It is admitted that Plaintiff attended CMU beginning in 2018, and she graduated from CMU's School of Architecture in 2023. Except as admitted, denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      The allegations contain in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

## JURISDICTION AND VENUE

7.      The allegations contain in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

8.      The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

9.      The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

10.      The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

11.      The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

## PARTIES

12.      Admitted in part, denied in part. It is admitted that Plaintiff attended CMU beginning in 2018, and she graduated from CMU's School of Architecture in 2023. Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph. As such, the allegations are denied. Except as admitted, denied.

13.     Admitted in part, denied in part. It is admitted that Defendant is a private university incorporated and located in Pittsburgh, that it has an approximate endowment of $3 billion, that from 2018 through 2023 it received approximately $1,753 billion in federal funding, and that it has a campus in Doha, Qatar. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

## FACTUAL ALLEGATIONS

**A.     Canaan Encounters the First Signs of CMU's Antisemitic Culture[2]**

14.     Admitted in part, denied in part. It is admitted that Plaintiff enrolled in CMU in August 2018. It is admitted that on October 27, 2018, a heinous attack occurred at the Tree of Life Synagogue, the effects of which are well-documented. Except as admitted, denied.

15.     Admitted in part, denied in part. It is admitted that a memorial service for the Tree of Life Synagogue victims occurred on Defendant's campus on October 29, 2018. It is specifically denied that Arscott denied Canaan's request for an extension on a homework assignment to attend the Tree of Life memorial service. Except as admitted, denied.

16.     Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As such, the allegations are denied.

17.     Admitted in part, denied in part. It is admitted that on May 19, 2021, Plaintiff sent an e-mail to Gina Casalegno, which included the statement "no longer feel safe on this campus."

---

[2] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

It is also admitted that CMU held a meeting for students to discuss how the University could best support Plaintiff and the Jewish Community on campus. To the extent that the allegations contained in this paragraph construe, or attempt to construe, a writing, that writing speaks for itself. As such, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

**B.    Arscott Makes Antisemitic Remarks to Canaan in Studio[3]**

18.    Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the allegations contained in this paragraph. As such, the allegations are denied.

19.    Admitted.

20.    Admitted.

21.    Admitted in part, denied in part. It is admitted that Erica Cochran Hameen acts as SoA's Department Director, Diversity, Equity and Inclusion, and taught a design studio course in which Plaintiff was enrolled. It is also admitted that Erica Cochran Hameen referred to Plaintiff as "smart, diligent, mature, and talented," and "the perfect student and a wonderful person," in a letter of recommendation. Except as admitted, denied.

22.    Admitted in part, denied in part. It is admitted that Plaintiff had a final review for a studio class on May 5, 2022, at which she presented a project about a neighborhood in New York City. Except as admitted, denied.

23.    Admitted.

24.    Admitted in part, denied in part. It is admitted that Professor Mary-Lou Arscott is a professor and Associate Head for Design Fundamentals in the SoA. It is admitted that Defendant operates a campus in Qatar and has received funding from Qatar. It is specifically denied that

---

[3] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

Arscott refused Canaan's request for an extension to attend the Tree of Life memorial service. Except as admitted, denied.

      25.    Denied.

      26.    Denied.

**C.    Canaan Promptly Reports the Antisemitism and CMU Fails to Address It[4]**

      27.    Admitted in part, denied in part. It is admitted that Canaan texted Hameen. Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. As such, the allegations are denied. Except as admitted, denied.

      28.    Admitted.

      29.    Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As such, the allegations are denied.

      30.    Admitted in part, denied in part. It is admitted that Plaintiff contacted Defendant's Dean of Students, Gina Casalegno, copying Wanda Heading-Grant. It is specifically denied that Canaan demanded a thorough investigation and meaningful response. Except as admitted, denied.

      31.    Admitted in part, denied in part. It is admitted that the May 14, 2022 e-mail between Casalegno and Plaintiff contains the language as quoted in this paragraph. To the extent that the remaining allegations contained in this paragraph construe, or attempt to construe, a writing, that writing speaks for itself. As such, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

      32.    Denied.

---

[4] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

33.    Denied.

34.    Admitted in part, denied in part. It is admitted that Plaintiff met with Gina Casalegno on June 13, 2022. It is specifically denied that Casalegno only offered to go for a "casual walk" with Arscott. Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the remaining allegations contained in this paragraph. As such, the allegations are denied. Except as admitted, denied.

35.    Admitted.

36.    Admitted in part, denied in part. It is admitted that on August 18, 2022, Casalegno e-mailed Plaintiff and reported that she had a thoughtful conversation with Arscott, and that Heading-Grant would be in touch to arrange a meeting between Plaintiff and Arscott. Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. As such, the allegations are denied. Except as admitted, denied.

**D.    Arscott Sends an Antisemitic Blog and Canaan, for the Second Time, Immediately Reports Arscott's Antisemitism to CMU[5]**

37.    Admitted in part, denied in part. It is admitted that Plaintiff met with Mary-Lou Arscott and Wanda Heading-Grant on November 2, 2022. Except as admitted, denied.

38.    Admitted in part, denied in part. It is admitted that Mary-Lou Arscott recommended that Plaintiff read content available on the Funambulist. Except as admitted, denied.

39.    Admitted in part, denied in part. It is admitted that the language quoted in this paragraph is contained within the article cited in the footnote to this paragraph. To the extent this paragraph and the article cited in the footnote thereto sets forth an opinion and not factual

---

[5] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

allegations, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

40.     Admitted in part, denied in part. It is admitted that the International Holocaust Remembrance Alliance ("IHRA") adopted the definition of the term "antisemitism," as alleged in this paragraph and the footnote thereto, which the IHRA describes as a "non-legally binding working definition." It is further admitted that the IHRA includes the United States amongst the 43 countries listed on the IHRA's website as having "adopted" the IHRA's definition of "antisemitism." Except as admitted, denied.

41.     Admitted in part, denied in part. It is admitted that Plaintiff sent an e-mail to Heading-Grant stating that Arscott's e-mail made her "extremely upset" and that the incident as alleged "makes Jewish students uncomfortable on this campus." Except as admitted, denied.

42.     Admitted in part, denied in part. It is admitted that Heading-Grant responded to Plaintiff stating "It is clear you are upset and distressed." To the extent that the allegations in this paragraph construe, or attempt to construe, a writing, which speaks for itself, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

43.     Admitted in part, denied in part. It is admitted that Heading-Grant replied to an e-mail from Plaintiff on November 13, 2022, that she offered Plaintiff an opportunity to meet with Defendant's Office of Institutional Equity and Title IX, and that she had alerted the Office for Institutional Equity and Title IX of Plaintiff's concerns. To the extent that the remaining allegations in this paragraph construe, or attempt to construe, a writing, which speaks for itself, no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations are denied. Except as admitted, denied.

**E.    The Title IX Office Strings Canaan Along[6]**

44.    Admitted.

45.    Admitted in part, denied in part. It is admitted that CMU's Office for Institutional Equity & Title IX Resource Guide states "[w]hen the University receives a report of sexual misconduct or other types of discrimination," and includes information on the difference between "reports" and "formal complaints." Except as admitted, denied.

46.    Denied.

47.    Denied.

**F.    Other Professors Circle the Wagons Against Canaan Because of Her Reports[7]**

48.    Admitted in part, denied in part. It is admitted that Professors Theodossis Issaias and Priyanka Bista taught courses in which Plaintiff was enrolled. Except as admitted, denied.

49.    Admitted in part, denied in part. It is admitted that Plaintiff discussed alleged antisemitic treatment with Professor Issaias during the Fall 2022 semester. Except as admitted, denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

---

[6] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

[7] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

56.    Denied.

57.    Denied.

58.    Admitted in part, denied in part. It is admitted that Plaintiff received a C in her Fall 2022 semester course with Professor Issaias, and that Plaintiff received As in her other classes that semester. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

**G.    CMU's "Solution" is to Exclude Canaan from the Architecture School's Most Important Class[8]**

59.    Denied.

60.    Admitted in part, denied in part. It is admitted that Plaintiff discussed alleged antisemitic abuse with Professor Bista during the Spring 2023 semester. Except as admitted, denied.

61.    Denied.

62.    Denied.

63.    Denied.

**H.    The Title IX Office Continues to String Canaan Along and Tries to Discourage Her from Filing a Formal Complaint[9]**

64.    Admitted in part, denied in part. It is admitted that, on December 20, 2022, Plaintiff e-mailed Elizabeth Rosemeyer indicating that she received a C in the course taught by Issaias, and that the situation "has been extremely upsetting and frustrating because I still feel as though not a single person really cares about any of this." The remaining allegations contained in this paragraph

---

[8] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

[9] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

construe, or attempt to construe, a writing, which speaks for itself. As such, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

65.    Denied.

66.    Admitted in part, denied in part. It is admitted that Plaintiff e-mailed Elizabeth Rosemeyer on February 1, 2023, asking for "any updates for me regarding my requests of Mary-Lou [Arscott]," and that the "situation has also been extremely upsetting and detrimental to [Plaintiff's] mental health." In addition, it is admitted that Gina Casalegno responded to Plaintiff on February 2, 2023. To the extent the remaining allegations contained in this paragraph construe, or attempt to construe, a writing, that writing speaks for itself. As such, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

67.    Admitted in part, denied in part. It is admitted that Plaintiff e-mailed Elizabeth Rosemeyer on March 21, 2023. Except as admitted, denied.

68.    Admitted in part, denied in part. It is admitted that Rosemeyer responded to Plaintiff on March 30, 2023. Except as admitted, denied.

69.    Denied.

70.    Admitted in part, denied in part. It is admitted that Defendant has received funding from Qatar and that it operates a campus in Qatar. Except as admitted, denied.

71.    Admitted in part, denied in part. It is admitted that the language quoted in this paragraph is contained in the report cited in the footnote thereto. Except as admitted, denied.

72.    Admitted in part, denied in part. It is admitted that the language quoted in this paragraph is contained in the report cited in the footnote thereto. Except as admitted, denied.

73.    Denied.

I.      **CMU's Antisemitism and Retaliation Endangered Canaan's Health and Welfare and Crushed Her Dream of Becoming an Architect[10]**

74.     To the extent that the allegations contained in this paragraph repeat or restate allegations contained in the foregoing paragraphs, those allegations are denied. Upon reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations. As such, the allegations are denied.

75.     Denied.

J.      **CMU Violated Its Own Policies and Purported Commitments to Investigate Discrimination[11]**

76.     Admitted.

77.     Admitted in part, denied in part. It is admitted that Defendant's Policy Against Retaliation contains the language quoted in this paragraph. Except as admitted, denied.

78.     Denied.

79.     Admitted in part, denied in part. It is admitted that the language quoted in this paragraph is contained within Defendant's Title IX Resource Guide. Except as admitted, denied.

80.     Denied.

81.     Admitted.

82.     Denied.

83.     Denied.

84.     Denied.

---

[10] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

[11] To the extent that this heading purports to allege facts to which a response is required, those allegations are denied.

85.    To the extent that this paragraph presumes the truth of the allegations contained in Paragraph 84, those allegations are denied. To the extent the allegations in this paragraph construe, or attempt to construe, a writing, that writing speaks for itself. As such, no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations are denied.

86.    The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

87.    Denied.

**K.    Canaan is a Member of a Protected Class Within the Scope of Title VI[12]**

88.    The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

89.    Admitted in part, denied in part. It is admitted that the language quoted in this paragraph is contained within the document cited in the footnote thereto. Except as admitted, denied.

90.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

91.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

92.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations are denied.

---

[12] To the extent that this heading purports to allege a conclusion of law, no response is required. To the extent a response is deemed required, the allegations are denied.

93.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

94.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000D (DIRECT DISCRIMINATION)

95.     All preceding paragraphs are incorporated by reference.

96.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

97.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

98.     Admitted.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

107.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

108.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

109.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

110.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

111.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## COUNT II

## VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000D

## (HOSTILE EDUCATIONAL ENVIRONMENT)

112.    All preceding paragraphs are incorporated by reference.

113.    It is admitted that the May 25, 2023 OCR Letter contains the language quoted in this paragraph. Except as admitted, denied.

114.    It is admitted that the August 24, 2023 OCR Letter contains the language quoted in this paragraph. Except as admitted, denied.

115.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

116.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

117.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

118.    Denied.

119.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

120.    To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations are denied.

121.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

122.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

123.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

124.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## COUNT III

## VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000D (RETALIATION)

125.    All preceding paragraphs are incorporated by reference.

126.    Admitted.

127.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

128.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

129.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

130.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

131.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

132.    To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Admitted in part, denied in part. It is admitted that Plaintiff received a C in Professor Issaias's class. Except as admitted, denied.

137.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

138.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

139.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

140.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## COUNT IV

## BREACH OF CONTRACT

141.    All preceding paragraphs are incorporated by reference.

142.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

143.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

144.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

145.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

146.    The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

147.    Admitted in part, denied in part. It is admitted that Defendant's Title IX Resource Guide contains the language quoted in this paragraph. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. Except as admitted, denied.

148.    Denied.

149.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

150.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

151.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

152.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

153.     To the extent the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. The remaining allegations are denied.

154.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

155.     The allegations contained in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

156.     No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

157.     No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

158.    No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

159.    No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

160.    No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

161.    No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

162.    No response to this paragraph is required because the Court has dismissed the claim to which it relates. To the extent a response to this paragraph is deemed required, the allegations in this paragraph are denied.

**WHEREFORE**, Defendant Carnegie Mellon University respectfully requests that this Court dismiss Plaintiff Yael Canaan's Complaint with prejudice, enter judgment in its favor and against Plaintiff, and award costs, fees, and any and all further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, promissory estoppel, and/or equitable estoppel.

3.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

5.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6.    Plaintiff's claims are barred, in whole or in part, because she was not treated differently from similarly situated, non-Jewish, non-Israeli students.

7.    Plaintiff's claims are barred, in whole or in part, because Defendant was not deliberately indifferent to Plaintiff's allegations of harassment or discrimination.

8.    Plaintiff's claims are barred, in whole or in part, because Defendant's response to Plaintiff's allegations of harassment or discrimination was reasonable in light of known facts and circumstances.

9.    Plaintiff's claims are barred, in whole or in part, because she did not suffer harassment or discrimination that was severe, pervasive, and/or objectively offensive.

10.    Plaintiff's claims are barred, in whole or in part, because she was not subjected to a hostile educational environment.

11.    Plaintiff's claims are barred, in whole or in part, because Defendant did not deprive her of access to educational benefits or opportunities provided by Defendant.

12.    Plaintiff's claims are barred, in whole or in part, because Defendant did not subject her to any adverse action.

13.    Plaintiff's claims are barred, in whole or in part, because she failed to timely advise Defendant of her complaints.

14.    Plaintiff's claims are barred, in whole or in part, because she failed to abide by the terms of the applicable policies, procedures, statutes, and/or regulations.

15.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot identify specific, identifiable promises giving rise to affirmative, enforceable duty on the part of Defendant.

16.    Plaintiff's claims are barred, in whole or in part, because Defendant complied with its policies and procedures.

17.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's allegations of discrimination do not constitute conduct of a kind and nature that its employees are employed to perform, or that occurred substantially within authorized time and space limits, or was actuated, at least in part, by a purpose to serve Defendant.

18.    Plaintiff's claims are barred, in whole or in part, because she has not suffered any damages caused by Defendant.

19.    Defendant reserves the right to assert additional affirmative defenses and/or other defenses, counterclaims, or third-party claims as may be revealed to be appropriate.

**WHEREFORE**, Defendant Carnegie Mellon University respectfully requests that this Court dismiss Plaintiff Yael Canaan's Complaint with prejudice, enter judgment in its favor and against Plaintiff, and award costs, fees, and any and all further relief that this Court deems just and proper.

Dated: January 24, 2025

/s/ *John Paul Regan*
Joshua W. B. Richards, Esq.
Pa I.D. 204315
Patrick F. Nugent, Esq.
Pa I.D. 313979
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7737 / -7134
E-mail: Joshua.Richards@saul.com
E-mail: Patrick.Nugent@saul.com

John Paul Regan, Esq.
Pa I.D. 320664

Saul Ewing LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
E-mail: JP.Regan@saul.com

*Counsel for Defendant Carnegie Mellon University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: January 24, 2025

/s/ *John Paul Regan*
John Paul Regan, Esq.