IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAEL CANAAN,<br><br>                                Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>                                Defendant. | Civil Division<br><br>Civil Action No.: 23-02107<br><br>**The Honorable W. Scott Hardy** |

**FED. R. CIV. P. 26(f) REPORT OF THE PARTIES**

      Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

    Bryce L. Friedman (NY 2904035)
    Jamie J. Fell (NY 5339932)
    Zachary J. Weiner (NY 5858121)
    Albert J. Tagliaferri (NY 5968227)
    SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
    New York, NY 10017
    Telephone: (212) 455-2000
    Fax: (212) 455-2502
    Email: bfriedman@stblaw.com
           jamie.fell@stblaw.com
           zachary.weiner@stblaw.com
           albert.tagliaferri@stblaw.com

    and

Ziporah Reich (NY 3979630)
THE LAWFARE PROJECT
633 Third Avenue, 21st Floor
New York, NY 10017
Telephone: (212) 339-6995
Email: Ziporah@theLawfareProject.org

*Counsel for Plaintiff Yael Canaan*

John Paul Regan (PA 320664)
SAUL EWING LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
Fax:        (412)-209-2570
Email: JP.Regan@saul.com

Joshua W. B. Richards (PA 204315)
Patrick F. Nugent (PA 313979)
SAUL EWING LLP
1500 Market Street, 30th Floor
Philadelphia, PA 191012
Telephone: (215) 972-7737
            (215) 972-7134
Fax:        (215) 972-7725
Email: Joshua.Richards@saul.com
       Patrick.Nugent@saul.com

*Counsel for Defendant Carnegie Mellon University*

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

   Plaintiff, a former student who attended Defendant university, alleges that Defendant committed multiple violations of Title VI of the Civil Rights Act of 1964 against her. Plaintiff also alleges that the conduct giving rise to these violations constitutes a breach of contract between Plaintiff and the Defendant. Defendant denies these allegations.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The conference was held on January 23, 2025. Bryce Friedman, Jamie Fell, Zachary Weiner and Ziporah Reich participated on behalf of the Plaintiff, and Patrick Nugent participated on behalf of the Defendant.

2

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   February 3, 2025 at 11:30AM.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Defendant filed a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) on February 13, 2024. The Court issued a Memorandum Opinion on December 17, 2024 granting Defendant's motion in part and denying the motion in part.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The Parties propose to mediate at the conclusion of fact discovery.

   Plaintiff is a recent college graduate and is being represented by *pro bono* counsel. The Parties have agreed that Defendant shall bear the cost of their agreed-upon mediator, The Honorable Lisa Pupo Lenihan. Defendant's counsel has reached out to Judge Lenihan's office to inquire about her availability to serve as the Parties' mediator following the conclusion of fact discovery.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

   The Parties do not propose any changes to the initial disclosure procedures.

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

      The Parties will need fact discovery regarding the facts alleged in Plaintiff's Complaint and Defendant's defenses.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    February 6, 2025

    b. **Date by which any additional parties shall be joined:**

    March 1, 2025

    c. **Date by which the pleadings shall be amended:**

    March 1, 2025

    d. **Date by which fact discovery should be completed:**

    July 30, 2025

    e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    The Parties agree to phase discovery, starting with fact discovery and then moving to expert discovery, if necessary.

    f. **Date by which plaintiff's expert reports should be filed:**

    To be determined at Post-Discovery Status Conference.

    g. **Date by which depositions of plaintiff's expert(s) should be completed:**

            To be determined at Post-Discovery Status Conference.

     **h.**     **Date by which defendant's expert reports should be filed:**

            To be determined at Post-Discovery Status Conference.

     **i.**     **Date by which depositions of defendant's expert(s) should be completed:**

            To be determined at Post-Discovery Status Conference.

     **j.**     **Date by which third party expert's reports should be filed:**

            To be determined at Post-Discovery Status Conference.

     **k.**     **Date by which depositions of third party's expert(s) should be completed:**

            To be determined at Post-Discovery Status Conference.

**10.**    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    None at this time; however Plaintiff anticipates seeking more than 10 depositions.

**11.**    **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

     **a.**     **ESI.** Is either party seeking the discovery of ESI in this case?
            **X** Yes      ☐ No [If "No," skip to sub-part (e) below.]

     **b.**     **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

        ☐ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

        _____

        _____

        ☐ Have developed an ESI discovery plan (as attached).

        **X** Will have an ESI discovery plan completed by **February 24, 2025**.

> NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
  ☐ Yes    **X** No

d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
  **X** Yes    ☐ No

e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

  ☐ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

  **X** Expect to agree on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

  ☐ Are unable to agree on appropriate non-waiver language.

f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
  ☐ Yes    **X** No

g. **Other.** Identify all outstanding disputes concerning any ESI issues:

  The Parties have agreed on a stipulated order regarding the confidentiality of documents protected under FERPA. The Parties may seek a broader stipulated confidentiality order during the course of discovery.

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified

**below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial  counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):**

At this time, the Parties have elected to schedule the Post-Discovery Status  Conference to take place following the completion of Fact Discovery.

    **a.**    **Settlement and/or transfer to an ADR procedure;**

    **b.**    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    **d.**    **Dates by which parties' pre-trial statements should be filed;**

    **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    **g.**    **Dates proposed for final pre-trial conference;**

    **h.**    **Presumptive and final trial dates.**

13.    **Set forth any other order(s) that the parties agree should be entered by the court  pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The Parties do not anticipate the need for any special orders entered by the Court at this time.

14.    **Set forth whether the parties anticipate that the court may have to appoint a special  master to deal with any matter and if so, specify the proposed role of any such master  and any special qualifications that such master may require to perform such role:**

The Parties do not anticipate the need for a special master at this time.

15.    **If the parties have failed to agree with regard to any subject for which a report**

**is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

N/A

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    There have been no settlement discussions to date.

| | |
|---|---|
| Dated: January 27, 2025 | Respectfully Submitted, |
| SIMPSON THACHER & BARTLETT LLP | SAUL EWING LLP |
| /s/ Bryce L. Friedman | /s/ John Paul Regan |
| Bryce L. Friedman (NY 2904035) | John Paul Regan (PA 320664) |
| Jamie J. Fell (NY 5339932) | One PPG Place, Suite 3010 |
| Zachary J. Weiner (NY 5858121) | Pittsburgh, PA 15222 |
| Albert J. Tagliaferri (NY 5968227) | Telephone: (412) 209-2500 |
| 425 Lexington Avenue | Fax:        (412)-209-2570 |
| New York, NY 10017 | E-mail: JP.Regan@saul.com |
| Telephone: (212) 455-2000 | |
| Fax:        (212) 455-2502 | Joshua W. B. Richards (PA 204315) |
| Email: bfriedman@stblaw.com | Patrick F. Nugent (PA 313979) |
| jamie.fell@stblaw.com | 1500 Market Street, 30th Floor |
| zachary.weiner@stblaw.com | Philadelphia, PA 19102 |
| albert.tagliaferri@stblaw.com | Telephone: (215) 972-7737 |
| | (215) 972-7134 |
| THE LAWFARE PROJECT | Fax:        (215) 972-7725 |
| | E-mail: Joshua.Richards@saul.com |
| /s/ Ziporah Reich | Patrick.Nugent@saul.com |
| Ziporah Reich (NY 3979630) | |
| 633 Third Avenue, 21st Floor | |
| New York, NY 10017 | *Counsel for Defendant Carnegie Mellon University* |
| Telephone: (212) 339-6995 | |
| Email: Ziporah@theLawfareProject.org | |
| | |
| *Counsel for Plaintiff Yael Canaan* | |

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this day, I caused a true and correct copy of the foregoing to be served on all counsel and parties of record via the Court's ECF/CM system.

Dated: January 27, 2025

/s/ *John Paul Regan*
John Paul Regan, Esq.

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this day, I caused a true and correct copy of the foregoing to be served on all counsel and parties of record via the Court's CM/ECF system.

Dated: January 27, 2025

                                                   /s/ *John Paul Regan*
                                                   John Paul Regan, Esq.