IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAEL CANAAN,<br><br>                                  Plaintiff,<br><br>vs.<br><br>CARNEGIE MELLON UNIVERSITY,<br><br>                                 Defendant. | Civil Division<br><br>Civil Action No.: 23-02107<br><br>**The Honorable W. Scott Hardy** |

**Stipulated and FERPA Protective Order**

      **WHEREAS**, The Family Educational Rights and Privacy Act 20, U.S.C. § 1232g and 34 C.F.R. § 99.31, ("FERPA"), imposes requirements on federally funded universities to protect the privacy of student records;

      **WHEREAS**, 20 U.S.C. § 1232g defines "education records" as including all records which contain information directly related to a student and are maintained by an educational agency or institution or by a person working for such agency or institution, subject to certain exceptions in *id.* § 1232g(a)(4)(B);

      **WHEREAS**, FERPA provides that a university may disclose student education records to comply with a judicial order or lawfully issued subpoena after that university makes a reasonable effort to notify the parent or student of the order or subpoena in advance of compliance such that the parent or student may seek protective action, 34 C.F.R. § 99.31(a)(9)(i), (ii);

      **WHEREAS**, discovery and other proceedings in the above-captioned litigation ("Action") are likely to involve the review and possible production or disclosure of information and material, including documents, that constitutes education records under FERPA,

      **WHEREAS**, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

      **NOW THEREFORE**, it is hereby **STIPULATED** and **ORDERED**:

      1.    Defendant Carnegie Mellon University may designate as "FERPA Protected Information" such information and documents as they in good faith believe constitute "education records" under FERPA. Designation of FERPA Protected Information shall be by labeling the document or other record as "FERPA Protected Information" or by identifying the document or other record in a separate log or correspondence as a protected education record under FERPA. The parties agree that Plaintiff Yael Canaan's education records may be disclosed pursuant to 34 C.F.R. 99.31(a)(9)(iii)(b). The parties also agree that education records of other students may be

disclosed without following the notification procedures that follow to the extent that those records may be deidentified in accordance with FERPA's regulations and that the parties agree those records are discoverable and to produce them in deidentified format. Defendants' initial failure to designate a document or record as FERPA Protected Information shall not preclude Defendants from so designating it at a later date.

2. Defendant shall not be required to produce FERPA Protected Information in discovery until (a) this Stipulated Protective Order is entered as an Order in this Action, and (b) the parents of the students (or eligible students, as defined under 34 CFR § 99.3) who are the subjects of the designated material have been afforded an opportunity to object to production of the FERPA Protected Information and have failed to make such objection within a reasonable timeframe (fourteen days after issuance of notice) under *id.* § 99.31(a)(9).

3. Following the entry of this Stipulated Protective Order as an Order of the Court, Defendant shall arrange to issue notices to the parents of students (or eligible students) whose names or other information appear in documents or records sought by reasonable discovery requests propounded by Plaintiff, with such notices to be issued within a reasonable time after receipt of such requests. Such notices shall advise the parents (or eligible students) of the general nature of the documents or records to be disclosed to Plaintiff and shall provide a fourteen-day period from the issuance of the notices within which the parents (or eligible students) may present objections to the disclosure of the documents or records. The notice shall specify that such objections are to be addressed in written form to the Hon. W. Scott Hardy.

4. The parties stipulate and agree that upon receipt of timely objections presented by parents of students (or eligible students), Defendants obligations to produce the designated material that is the subject of such objections shall be suspended unless and until the Hon. W. Scott Hardy determines that production of the designated material is appropriate notwithstanding the objections.

5. Information designated FERPA Protected Information under this Stipulation and disclosed by Defendant may be shown or be accessible to:

   i. parties, and current and former officers, directors and employees of the parties, solely for purposes of prosecuting or defending the action;

   ii. counsel for the parties, including attorneys, paralegals, regular and temporary employees, contractors, agents, volunteers, and support staff of said counsel, as well as experts and consultants and their employees retained by such counsel for the purpose of prosecuting or defending the action;

   iii. any person who has prepared or received such document containing FERPA Protected Information in the ordinary course of his or her employment, solely for purposes of assisting the parties in prosecuting or defending the action; however, the University and its employees and agents are not precluded from using or referring to such documents in the ordinary course of its/his/her business;

    iv.    the Court, court personnel, witnesses at deposition or trial, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors;

    v.    vendors and other litigation support services used by counsel for the parties for the purpose of photocopying, imaging, coding, storing, or otherwise handling documents produced in the action;

    vi.    persons indicated on the face of a document as its author, addressee, or recipient; and

    vii.    persons whose FERPA Protected Information appears in the document (provided that no other person's FERPA Protected Information appears in the document).

6.    No person receiving FERPA Protected information pursuant to this Stipulation shall use it for any purpose other than prosecuting or defending the action, including any appeals thereof. Counsel and experts, and their employees and assistants, and any officers, directors, or employees of the parties receiving any FERPA Protected Information, either in original or derivative form, shall confirm in writing that they agree not to disclose, make available, or communicate such information to any other person in violation of this Stipulation; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the Designating Party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

7.    In any filings with the Court, minor children's names shall be redacted and replaced with initials. Further, students' names in FERPA Protected Information filed with the Court shall similarly be so redacted even if the students have reached the age of majority. Other personally identifiable information concerning students appearing in FERPA Protected Information filed with the Court, such as birthdates, Social Security numbers, addresses, and similar items shall also be redacted. In the event that FERPA Protected Information filed with the Court is of a nature that makes it not reasonably possible to redact the material (e.g., digital media), the FERPA Protected Information shall be submitted with a request that it be filed only under seal, and shall not be filed on the Court's electronic filing system unless and until the Court rejects the request to file under seal.

8.    Pursuant to this Order, whenever a party intends to file Confidential Material or other such material with the Court that the party desires be filed under seal, such party shall first file a motion for leave to file such materials under seal. The party filing such motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents or opposes the motion. All motions to seal any document or proceeding must be filed at least five (5) business days in advance of the filing deadline that pertains to the filing or proceeding sought to be sealed. Such motions must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law. Absent exceptional circumstances, any proposed Order must include this language: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion."

9. In the event that Plaintiff objects to the designation of certain information as FERPA Protected Information, counsel for the parties shall confer in good faith and attempt to resolve the dispute. If they cannot resolve the dispute, any party involved in the dispute may seek intervention from the Court. Pending resolution by the Court, the information subject to the dispute shall be treated as FERPA Protected Information under the terms of this Stipulation.

10. Nothing in this Stipulated Protective Order shall prejudice any party from seeking modification of this Stipulated Protective Order. Any modification to this Stipulated Protective Order must be in writing signed by counsel for all parties and so-ordered by the Court.

11. At the conclusion of this Action, all parties shall return to Defendant all documentary material embodying information designated as FERPA Protected Information, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such Confidential Information, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed.

12. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

   i. is acquired by the non-Designating Party from a third party having the right of disclosure of such information or material; or

   ii. was lawfully possessed by the non-Designating Party prior to the filing of this Stipulation.

13. This Stipulated Protective Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

14. The terms of this Stipulated Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: January 27, 2025

SIMPSON THACHER & BARTLETT LLP

 */s/ Bryce L. Friedman*
Bryce L. Friedman (NY 2904035)
Jamie J. Fell (NY 5339932)
Zachary J. Weiner (NY 5858121)
Albert J. Tagliaferri (NY 5968227)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
Email: bfriedman@stblaw.com
jamie.fell@stblaw.com
zachary.weiner@stblaw.com
albert.tagliaferri@stblaw.com

THE LAWFARE PROJECT

 */s/ Ziporah Reich*
Ziporah Reich (NY 3979630)
633 Third Avenue, 21st Floor
New York, NY 10017
Telephone: (212) 339-6995
Email: Ziporah@theLawfareProject.org

*Counsel for Plaintiff Yael Canaan*

Dated: January 27, 2025

SAUL EWING LLP

 */s/ John Paul Regan*
John Paul Regan (PA 320664)
One PPG Place, Suite 3010
Pittsburgh, PA 15222
Telephone: (412) 209-2500
Fax: (412)-209-2570
E-mail: JP.Regan@saul.com

Joshua W. B. Richards (PA 204315)
Patrick F. Nugent (PA 313979)
1500 Market Street, 30th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7737
(215) 972-7134
Fax: (215) 972-7725
E-mail: Joshua.Richards@saul.com
Patrick.Nugent@saul.com

*Counsel for Defendant Carnegie Mellon University*

APPROVED BY THE COURT:

 /s/ W. Scott Hardy
W. Scott Hardy
District Judge