IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAEL CANAAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2107 |
| | ) |
| CARNEGIE MELLON UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

### CASE MANAGEMENT ORDER

AND NOW, this 3rd day of February 2025, it is hereby ORDERED that the parties adhere to the following case management order:

1. <u>Local Rule 16.1</u>: This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures. Counsel and the parties shall also comply with this Court's Practices and Procedures available on the Court's website at www.pawd.uscourts.gov.

2. <u>Initial Scheduling</u>: The parties shall adhere to the following deadlines:

    a. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure shall be made by **February 6, 2025**. If any party is dissatisfied with the Rule 26(a)(1) disclosures (e.g., if a party has failed to fully produce the actual documents), the dissatisfied party(ies) shall file a Motion to Compel within ten (10) days of receipt of the purportedly inadequate initial disclosures. Any responses are due seven (7) days after service of such motion. The parties shall supplement their Rule 26(a) disclosures, as required, under Rule 26(e).

    b. Any motions to amend the pleadings or add new parties shall be filed by **March 1, 2025**. The responding party shall file its response within five (5) days of service of the motion, excluding weekends and holidays. No reply briefs are permitted.

  c. Fact discovery shall be completed by **July 30, 2025**.  This discovery deadline shall be extended only by leave of court upon motion filed prior to the expiration of such deadline in accordance with this Case Management Order and the Court's Practices and Procedures.  The motion shall: (a) specify discovery which has been completed; (b) state reasons for the requested extension; (c) list any previous extensions of discovery; and (d) attach a proposed order specifying the extended pretrial schedule being requested.  Any such motion shall contain a certificate of conferral as required by Local Rule 16.1.B.5.

3. <u>Discovery and Case Management Motions</u>.  Motions relating to discovery, or this Case Management Order, shall be filed at least five (5) business days before the last day of the applicable deadline when practicable. Parties opposing short extensions must be prepared to articulate the actual prejudice which would occur if the extension were granted. Responses to motions relating to discovery and other case management motions shall be filed at least seven (7) days from the date of service of the motion.  Reply briefs, if any, may be filed without leave of court within seven (7) days from the date of service of the response to which they reply. Sur-reply briefs may be filed only with leave of court. In the event of a discovery dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then contact chambers to request a telephonic status conference. No discovery motions are to be filed until after the conference except in cases of emergency as certified by counsel. Discovery materials shall <u>not</u> be filed with the Clerk consistent with Federal Rule 5(d) and Local Rule 5.4.A.  However, if such material is necessary to the Court's review of any motion, relevant portions only shall be included with the motion or response; or filed separately as an appendix.

4. <u>Alternative Dispute Resolution</u>.  The parties are advised to comply with all ADR requirements pursuant to Local Rule 16.2 and in accordance with this Court's Order Referring Case to Alternative Dispute Resolution.

5. <u>Procedures Following Inadvertent or Other Disclosure ("Clawback")</u>.  Pursuant to Local Rule LCvR 16.1.D., and to aid in the implementation of Fed. R. Evid. 502, the parties have agreed to submit for approval an alternative to this Court's Standard Order Implementing Rule 502, which will be entered separately by the Court.

6. <u>Stipulated Protective Orders and Motions to File Under Seal</u>.

    a. All proposed stipulated protective Orders shall include the following provision: "Pursuant to this Order, whenever a party intends to file Confidential Material or other such material with the Court that the party desires to be filed under seal, or reasonably believes another party desires it be filed under seal, such party shall first file a motion for leave to file such materials under seal, and shall first confer with all other parties as to their consent or opposition and certify that the conferral occurred and state whether each party consents or opposes the motion."

    b. Whenever a party intends to file with the Court exhibits, transcript excerpts, affidavits, declarations, or related motions or briefing that include and/or quote from such materials containing information that the party desires be filed under seal or reasonably believes another party desires be filed under seal, such party shall file a motion for leave to file such materials under seal provisionally. The party filing such provisional motion shall first confer with all other parties as to their consent

or opposition, and the motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion or specified portions thereof. Upon cause shown by any party (including the party filing the provisional motion) who opposes the sealing of specified material contemplated by the provisional motion, the Court will establish deadlines for the party or parties desiring to keep such provisionally sealed materials sealed to file supplemental briefing that sets forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law. Any party or other person with a recognized interest may file a response thereto. No replies shall be filed absent leave of Court.

c. Any provisional motion to seal shall also be accompanied by a proposed order that includes the following: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion." If a party or other person with a recognized interest wishes to file such a motion to unseal, that party must first confer with the parties as to whether specified materials should be unsealed or remain sealed and such motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion or specified portions thereof. Thereafter, and in accordance with deadlines established by further order of Court, any party who opposes such motion to unseal those materials must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to remain sealed, in accordance with prevailing law, and any party or other person with a recognized interest may file an opposition thereto.

    d. This paragraph shall govern these proceedings in lieu of Section II. H. of the Court's published Practices and Procedures pertaining to motions to file under seal.

7. The parties are reminded that all proceedings in federal court are presumptively open to the public, including those in which "sealed" material may be presented or otherwise discussed.

8. <u>Post Fact Discovery Status Conference</u>. Upon the completion of fact discovery, the Court shall conduct a Telephonic Post Fact Discovery Status Conference. The conference will occur on **<u>August 4, 2025 at 11:00 AM.</u>** **The Parties are advised to dial-in to the Conference at the scheduled time to avoid possible interruption to an on-going Conference.** Conference call dial-in information is provided to the parties at Docket No. **[42]** as "Microsoft Teams Audio Conferencing Scheduling Notice For All Telephonic Conferences".

    a. The deadlines for expert discovery, if any, including the filing of expert reports and the taking of expert depositions, shall be set at the Post Fact Discovery Status Conference. The expert discovery deadline shall be extended only by leave of court, and upon motion filed prior to the expiration of such deadline.

    b. The deadline for the filing of summary judgment motions shall also be set at the Post Fact Discovery Status Conference. Motions for summary judgment shall adhere to Federal Rule of Civil Procedure 56 and Local Rule 56, and be accompanied by a memorandum of law, not to exceed twenty-five (25) pages absent leave of court. Responding parties shall also adhere to Federal Rule of Civil Procedure 56 and Local Rule 56 and shall file a responsive memorandum

     within thirty (30) days that shall not exceed twenty-five (25) pages absent leave of court. All argument in support of or opposition to a motion for summary judgment <u>shall</u> be set forth in the parties' respective accompanying memoranda of law and <u>shall not</u> be included in the motion itself. Reply briefs are permitted and must be submitted within fourteen (14) days of service of the response and are not to exceed fifteen (15) pages. No further submissions, such as a sur reply, will be permitted without leave of court.

    c. If no motions for summary judgment are filed, the Court will establish dates for the filing of all other pretrial submissions and shall schedule a Final Pretrial Conference.

9. The date of trial in this matter depends on whether the parties file dispositive motions. Accordingly, at the appropriate time, and if necessary, the Court will set a trial date.

                                                     /s/ *W. Scott Hardy*
                                                     W. Scott Hardy
                                                     United States District Judge

cc/ecf: All Counsel of Record