IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAEL CANAAN, ) | Civil Action No. 2:23-cv-02107-WSH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CARNEGIE MELLON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**STIPULATED ORDER IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(d)**

It is hereby ordered by the Court, and stipulated and agreed by and between counsel for Plaintiff Yael Canaan, and counsel for Defendant Carnegie Mellon University, that the parties to the above-captioned matter agree to be bound by, and join in, the terms of the following Stipulated Order Implementing Federal Rule of Evidence 502(d):

1. **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure.

The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with paragraph (3)—promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.]

3. **Contesting Claims of Privilege or Protection as Trial Preparation Material.** If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must—within 30 days of receipt of the notification referenced in Paragraph (2)—move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

4. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in subparagraphs (2) and (3).

5.      **Burden of Proving Privilege or Protection as Trial Preparation Material.** The Disclosing Party retains the burden—upon challenge pursuant to Paragraph (3)—of establishing the privileged or protected nature of the Protected Information.

6.      ***In Camera* Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

7.      **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

8.      **Rule 502(b)(2).** The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

9.      **Other Clawback and Confidentiality Obligations.** This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

10.     **Severability.** The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

| | |
|---|---|
| **SIMPSON THACHER & BARTLETT LLP** | **SAUL EWING LLP** |
| BY: */s/ Bryce L. Friedman* | BY: */s/ John Paul Regan* |
| BRYCE L. FRIEDMAN, ESQUIRE | JOHN PAUL REGAN, ESQUIRE |
| NY I.D. 2904035 | PA I.D. 320664 |
| 425 Lexington Avenue | One PPG Place, Suite 3010 |
| New York, NY 10017-3903 | Pittsburgh, PA 15222 |
| Telephone: (212) 455-2235 | Telephone: (412) 209-2500 |
| E-mail: bfriedman@stblaw.com | Email: JP.Regan@saul.com |
| *Counsel for Plaintiff Yael Canaan* | *Counsel for Defendant Carnegie Mellon University* |

**SO ORDERED** this 3rd day of April, 2025.

_____
Hon. W. Scott Hardy
United States District Judge

4