IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAEL CANAAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 23-2107 |
| v. | ) |
| | ) |
| CARNEGIE MELLON UNIVERSITY, | ) |
| | ) |
| Defendant. | |

### MEMORANDUM ORDER

On June 23, 2025, the Court held an *in camera* proceeding to hear objections raised by non-party individuals (hereinafter "the Objectors") to disclosure of certain education records and documents in discovery in the above-captioned matter. Plaintiff in this case is a former student at the Defendant University and has sought information in discovery that constitutes education records, the disclosure of which by Defendant is subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31 ("FERPA"). Under FERPA, education records may be disclosed "in compliance with judicial order[s]" so long as students are notified of such orders before they are acted upon. 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(i)-(ii).

In this matter, the parties agreed to—and the Court approved—a Stipulated and FERPA Protective Order (Docket No. 52) reflecting the applicable statutory/regulatory protections and indicating that, after the entry of the stipulation as an Order of the Court, "Defendant shall arrange to issue notices to the … students … whose names or other information appear in documents or records sought by reasonable discovery requests propounded by Plaintiff, with such notices to be issued within a reasonable time after receipt of such requests." (Docket No. 52 at ¶ 3). The notices were to "provide a fourteen-day period from … issuance … within which" the students would have

the opportunity to "present objections to the disclosure of the documents or records." (*Id.*). Such objections were to be "addressed in written form to the Hon. W. Scott Hardy." (*Id.*).

Acting pursuant to the Stipulated and FERPA Protective Order, Defendant sent notices, and this Court received a number of objections by email. The Court then issued a scheduling Order indicating that the Court would afford the Objectors an opportunity to articulate their objections on the record and/or make any requests for protective action at a remote *in camera* proceeding to take place on June 23, 2025. The Objectors were also given the option to supplement their objections, if they could not attend the June 23rd proceeding, by submitting additional information for the Court's consideration in a ten-page-or-less writing, to be emailed to the Court's courtroom deputy no later than June 20, 2025. Three of the Objectors wrote to the Court by June 20th to explain the bases of their objections to disclosures, and one Objector appeared for the Court's *in camera* proceeding on June 23rd.

Having considered the Objectors' presentations, the parties' arguments concerning Plaintiff's requested disclosures, and in light of the Stipulated and FERPA Protective Order, the Court will enter the following Order.

## **ORDER OF COURT**

AND NOW, this 23rd day of June 2025, the Objectors having been afforded notice of disclosures sought by Plaintiff and the opportunity to object and/or seek protective action before this Court, and the Court having considered the objections, one Objectors' oral supplementation of the same at the June 23, 2025, *in camera* proceeding, and three Objectors' written supplementation of objections on or before June 20, 2025, IT IS HEREBY ORDERED THAT, consistent with the Court's remarks on the record this day:

1. Defendant Carnegie Mellon University is ordered to produce to Plaintiff Canaan in discovery those documents relating to the Objectors which have been designated by Defendant as FERPA Protected Information, *i.e.*, the documents that Defendant believes in good faith are "education records" under FERPA (*see* Docket No. 52 at ¶ 1).  Such records—which were described by counsel for Defendant at the *in camera* proceeding on June 23, 2025—are relevant and discoverable under Fed. R. Civ. P. 26(b), and the Objectors' privacy interests can be protected pursuant to the Court's Stipulated and FERPA Protective Order.  The Court will therefore permit their production consistent with the conditions imposed by the Stipulated and FERPA Protective Order (Docket No. 52), which requires that—among other things—any information designated FERPA Protected Information which is disclosed by Defendant may only be shown or accessible to: parties and their current/former officers, directors, and employees solely for the purposes of prosecuting or defending this action; counsel for the parties and such counsel's legal staff, experts, and consultants for the purpose of prosecuting or defending the action; support vendors, *e.g.*, photocopiers; the Court; persons indicated on the face of documents; and persons whose FERPA Protected Information appears in such documents. (Docket No. 52 at ¶ 5).  The Stipulated and FERPA Protective Order also indicates that "students' names in FERPA Protected Information filed with the Court shall … be … redacted even if the students have reached the age of majority," and there will also be redaction of other personally identifiable information like "birthdates, Social Security numbers, addresses, and similar items." (*Id.* ¶ 7).  The parties are reminded of these and their other obligations under the Stipulated and FERPA Protective Order, including their conferral obligations

regarding any instances where a party may seek to file with the Court information covered by the Stipulated and FERPA Protective Order (*id.* ¶ 8).

2. Defendant shall furnish a copy of this judicial Memorandum Order to all the Objectors whose education records will be disclosed pursuant to the same.

3. The Parties shall abide by the Court's other instructions as provided on the record at the *in camera* proceeding.

4. The Transcript of the *in camera* proceeding shall be sealed.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf:  All counsel of record