IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAEL CANAAN, | ) | Civil Action No. 2:23-cv-02107-WSH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED ORDER REGARDING
<u>CONFIDENTIALITY OF DOCUMENTS AND DISCOVERY MATERIAL</u>**

WHEREAS discovery in the above-captioned lawsuit (the "lawsuit") may require the disclosure of confidential and/or protected documents and information, it is hereby ordered by the Court, and stipulated and agreed by and between counsel for Plaintiff Yael Canaan, and counsel for Defendant Carnegie Mellon University (the "University"), that the parties to the lawsuit agree to be bound by, and join in, the terms of the following Confidentiality Agreement:

1. No party to the above-captioned matter, their present and former subsidiaries and affiliates, their heirs, executors, administrators, personal representatives, attorneys, agents, officers, employees, experts (both for trial and/or for consultation), investigators, witnesses, and other persons acting on their behalf, will give, share, or otherwise divulge the contents, or the substance of the contents, of any documents or discovery material (including, without limitation, written discovery requests, written discovery responses, and deposition transcripts) designated as confidential under paragraph 2 (collectively, the "Confidential Documents") by any party (subject to the provisions of paragraph 13 below) to any person or entity except to the Court and jury, the experts and consultants engaged by the party and/or his/her/its/their counsel in the lawsuit, and/or

the witnesses, either expert or lay, who are contacted by the party and/or his/her/its/their counsel in connection with the lawsuit.

2. A party may only designate as confidential the portions of documents or materials that contain:

    a. individually identifiable health information;

    b. personal financial information;

    c. information the University is contractually required to maintain as confidential;

    d. information protected as private under the University's Discriminatory and Sexual Misconduct Policy;

    e. information protected as confidential under the University's Donor Bill of Rights and/or its University Advancement Data Confidentiality and Usage Policy; or

    f. any other information that the parties agree, in writing, may be designated as confidential.

3. The parties, their counsel, experts (whether for trial or for consulting purposes), investigators, fact witnesses, and independent contractors will use the Confidential Documents only in connection with the lawsuit.

4. The parties, their counsel, experts, consultants, independent contractors, investigators, and witnesses contacted in this litigation to whom the Confidential Documents are disclosed and made available shall not, and will be instructed that they shall not, disseminate the Confidential Documents or any portion or substance thereof to others not involved in the lawsuit.

5. All experts and consultants engaged by or on behalf of any party, and all witnesses, either expert or lay, who are contacted in this litigation by any party or by any party's counsel, to whom the Confidential Documents are disclosed and made available, shall before such disclosures, be instructed that they are bound by the terms of this Confidentiality Agreement.

6.      Throughout the course of this litigation, counsel for the parties hereto shall make reasonable efforts to ensure that each expert, consultant, witness, entity, or other person to whom they have given, shown, or otherwise divulged the substance of the Confidential Documents, complies with the terms of this Agreement, including instructing each such person or entity at the conclusion of this litigation of his/her or its obligations.

7.      The terms of this Confidentiality Agreement shall apply to the Confidential Documents, and testimony and deposition transcripts taken in this lawsuit that have been designated confidential on the record.

8.      Pursuant to this Order, whenever a party intends to file Confidential Material or other such material with the Court that the party desires to be filed under seal, or reasonably believes another party desires it be filed under seal, such party shall first file a motion for leave to file such materials under seal, and shall first confer with all other parties as to their consent or opposition and certify that the conferral occurred and state whether each party consents or opposes the motion.

      a.      Whenever a party intends to file with the Court exhibits, transcript excerpts, affidavits, declarations, or related motions or briefing that include and/or quote from such materials containing information that the party desires be filed under seal or reasonably believes another party desires be filed under seal, such party shall file a motion for leave to file such materials under seal provisionally. The party filing such provisional motion shall first confer with all other parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion or specified

        portions thereof. Upon cause shown by any party (including the party filing the provisional motion) who opposes the sealing of specified material contemplated by the provisional motion, the Court will establish deadlines for the party or parties desiring to keep such provisionally sealed materials sealed to file supplemental briefing that sets forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law. Any party or other person with a recognized interest may file a response thereto. No replies shall be filed absent leave of Court.

b.    Any provisional motion to seal shall also be accompanied by a proposed order that includes the following: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion." If a party or other person with a recognized interest wishes to file such a motion to unseal, that party must first confer with the parties as to whether specified materials should be unsealed or remain sealed and such motion shall certify that the conferral occurred and state whether each party consents to or opposes the motion or specified portions thereof. Thereafter, and in accordance with deadlines established by further order of Court, any party who opposes such motion to unseal those materials must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to remain sealed, in accordance with prevailing law, and any party or other person with a recognized interest

may file an opposition thereto.

9. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment or upon the conclusion of any settlement or dismissal involving all parties to the lawsuit, counsel for the respective parties shall destroy all Confidential Documents produced by the other party, except for any Confidential Document that must be retained in accordance with applicable law or contract.

10. The Confidential Documents will be marked with the following legend: "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY AGREEMENT."

11. Inadvertent disclosure of the Confidential Documents or inadvertent failure to designate the documents as confidential during discovery in this action shall be without prejudice to any claim that such material is confidential, privileged, or otherwise protected from discovery, and no party shall be held to have waived any rights by such inadvertent disclosure.

12. Nothing in this Confidentiality Agreement shall preclude any party from utilizing or referring to documents that party has designated as confidential in the ordinary course of its/his/her business.

13. Each party reserves the right to challenge (the "objecting party") a document's or discovery material's designation as a Confidential Document. In such event, the objecting party, through counsel, shall notify the attorney designating the document or discovery material (the "designating party") of the challenge, including the basis therefor, in writing. The parties shall have ten (10) days to resolve the challenge. If the parties are unable to resolve the challenge within ten (10) days, the designating party shall have an additional ten (10) days to file a motion with the Court to determine whether the Confidential Document designation is proper or to take such other action as required by the Court. Absent a resolution by the parties or a ruling by the Court that the

challenged designation was proper, the document shall no longer be treated as confidential. All motions or other filings (including all exhibits thereto) regarding the challenge, the response, and the Court's order thereon shall be filed under seal in accordance with the procedures set forth in paragraph 8.

14. This Stipulated Order Regarding Confidentiality of Documents and Discovery Material is not intended to supplant or alter the Stipulated and FERPA Protective Order (Doc. No. 52) previously entered in this lawsuit.

15. Notwithstanding the foregoing, the Court shall reserve the right to vacate all or any portion of this Confidentiality Agreement upon notice to counsel for the parties hereto, and upon affording counsel an opportunity to challenge the Court's decision to vacate all or any portion of the Confidentiality Agreement.

| | |
|---|---|
| **SIMPSON THACHER & BARTLETT LLP** | **SAUL EWING LLP** |
| BY: */s/ Sarah E. Phillips* <br> SARAH E. PHILLIPS, ESQUIRE <br> NY I.D. 4788131 <br> 425 Lexington Avenue <br> New York, NY 10017 <br> Telephone: (212) 455-2891 <br> E-mail: Sarah.Phillips@stblaw.com | BY: */s/ John Paul Regan* <br> JOHN PAUL REGAN, ESQUIRE <br> PA I.D. 320664 <br> One PPG Place, Suite 3010 <br> Pittsburgh, PA 15222 <br> Telephone: (412) 209-2500 <br> E-mail: JP.Regan@saul.com |
| *Counsel for Plaintiff Yael Canaan* | *Counsel for Defendant Carnegie Mellon University* |

**SO ORDERED** this   11th   day of      July        , 2025.

                                                 /s/ W. Scott Hardy
                                                Hon. W. Scott Hardy
                                                United States District Judge