## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| YAEL CANAAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-02107-WSH |
| | ) | |
| v. | ) | |
| | ) | |
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### [PROPOSED] ORDER

UPON CONSIDERATION OF Plaintiff's Motion to Enforce the Court's Order dated December 5, 2025, it is hereby **ORDERED** that the Motion is **GRANTED** in full as follows:

1. On December 5, 2025, the Court GRANTED in part and DENIED in part Plaintiff Yael Canaan's Motion to Compel (Docket No. 123) (the "December 5 Order"). The December 5 Order found that Carnegie Mellon University's ("CMU") "contractual and financial relationship with Qatar and its affiliates is, generally speaking, relevant to its intent, motive, and purported deliberate indifference to Canaan's rights under Title VI." (Docket No. 123). The Court then ordered the production of information and documents related to that issue as set forth in the December 5 Order.

2. On March 2, 2026, CMU declared its production in response to the December 5 Order complete. Thereafter, the parties engaged in extended meet and confer and discovery processes related to CMU's compliance with the December 5 Order. As part of those processes, between May 18-20, 2026, Plaintiff took the depositions of Mark Gambone, Senior Director of CMU's International Finance Office and former interim Chief Operating Officer of CMU Qatar; Elizabeth Rosemeyer, Assistant Vice Provost for the Office for Institutional Equity and Title IX;

and Brian Hill, Associate Vice Provost for Student Finances and Enrollment Systems.  Each of these deponents was designated by CMU pursuant to Federal Rule of Civil Procedure 30(b)(6).

3.      On May 21, 2026, the Court conferenced with the parties regarding Plaintiff's contention that CMU had failed to comply in good faith with the December 5 Order.  The Court directed the parties to engage in further efforts to resolve the disputes and to jointly notify the Court if such efforts were unsuccessful.

4.      On June 11, 2026, the parties notified the Court of an impasse.  The Court directed the parties to submit position letters by June 15, 2026 and set a conference for June 16, 2026.  After reviewing the parties' position letters[1] and conferencing with the parties on June 16, 2026, the Court ordered the following:

    a.  Plaintiff shall provide to Defendant, with specificity and particularity, a proposed order addressing the alleged deficiencies of Defendant's discovery production regarding the Court's December 5, 2025 Order and proposed remedies regarding same by **June 30, 2026**.  Defendant shall respond to Plaintiff's proposed order by **July 14, 2026**.

    b.  The parties shall confer meaningfully and in good faith by **July 28, 2026**.

    c.  If the disputes are not resolved in their entirety, Plaintiff is granted leave to file, by **August 4, 2026,** a Motion to Enforce the Court's Order dated December 5, 2025, which shall include a particularized proposed order for the Court's consideration, as well as a brief in support limited to **5 pages.** Defendant shall file

---

[1] Attached to Plaintiff's June 15, 2026 letter were twelve exhibits (Exhibits A–L), which included CMU's amended responses to Plaintiff's interrogatories, transcripts from depositions of CMU's Rule 30(b)(6) witnesses, certain documents produced by CMU, and a letter sent by counsel for Defendant to counsel for Plaintiff.

a response by **August 11, 2026,** which shall also include a particularized proposed Order for the Court's consideration, as well as a brief in support limited to **5 pages.** The Court will adopt, in its view, the more reasonable proposed order without modification.  (Docket No. 157).

5.    Upon consideration of all of the proceedings heretofore in this case, including the position letters submitted to this Court dated June 15, 2026, the June 16, 2026 conference between the Court and the parties, Plaintiff's August 4, 2026 Motion to Enforce the Court's Order dated December 5, 2025 and Defendant's response to that Motion; and upon the record of this action

NOW THEREFORE, it is hereby **ORDERED**:

6.    **Particularized Accounting of Provost and Title IX Qatari Funding**:  Within thirty (30) days of the date of this Order, CMU shall produce a particularized accounting of Qatari funds (no matter their source in or from Qatar) used to support, directly or indirectly, CMU's Office of the Provost, also including but not limited to the Office of the Vice Provost for Community, Culture and Engagement, the Office for Institutional Equity and Title IX, and any predecessor office of those offices.

   a.  This particularized accounting shall include but not be limited to:

      i.  The amount of Qatari funds used directly or indirectly to pay the salary of Elizabeth Rosemeyer;

      ii.  The amount of Qatari funds used directly or indirectly to pay the salary of James Garrett;

iii.   The amount of Qatari funds used directly or indirectly to support the CMU

Office for Institutional Equity and Title IX (including any other or prior

names for that office); and

iv.   The amount of Qatari funds used directly or indirectly to support the CMU

Office of the Vice Provost for Community, Culture and Engagement,

(including any other or prior names for that office).

7.      **Full Economic Benefit of the Qatari Relationship**:  Within thirty (30) days of

the date of this Order, CMU shall produce an accounting of the full economic benefit CMU has

derived from its relationship with Qatar and any Qatari entity.

a.   This particularized accounting shall include but not be limited to:

i.   Any form of direct or indirect economic benefit, such as (but not limited

to) direct payments, grants, drawdowns from the Qatar Foundation

endowment, investment income, interest, or appreciation on Qatari-

sourced funds.

8.      **Budgets and Strategic Plans**:  Within thirty (30) days of the date of this Order,

CMU shall produce the annual plans and strategic plans referenced in the CMU-Q Operating

Agreement for each year since the execution of that agreement, including any other versions or

names for these documents.  (Plaintiff's June 15, 2026 Letter, Ex. G § 6.2).

9.      **Orientation and Training Materials**:  Within thirty (30) days of the date of this

Order, CMU shall produce any orientation, training, instruction, and guidance materials provided

to full-semester and full-time faculty and staff "to orient them to the culture in the State of Qatar

and to CMU-Q."  (Plaintiff's June 15, 2026 Letter, Ex. G. § 4.4).

10.     **<u>Scope of Search and Custodians</u>**:  Within thirty (30) days of the date of this Order, CMU shall search for and collect documents and information to comply with the December 5 Order and this Order from all locations and time periods where they may be found, without limitation.

    a.  Such search shall include but not be limited to the custodial documents, communications and information of:

        i.   Kira Dreher;

        ii.  Angelica Perez-Johnston;

        iii. Farnam Jahanian;

        iv.  James Garrett; and

        v.   Michael Trick.

11.     **<u>Scope of Search</u>**:  Within thirty (30) days of the date of this Order, for all custodians whose documents, communications and information were searched in response to the December 5 Order and this Order (including those identified in Paragraph 10 of this Order) CMU shall:

    a.  Search for and produce documents concerning Qatari customs or laws;

    b.  Search for and produce documents concerning Qatari entities being consulted about any faculty or staff appointments;

    c.  Search for and produce communications with any Qatari entity or representative regarding compliance with nondiscrimination policies and laws;

    d.  Search for and produce documents and communications relating to Plaintiff's allegations of antisemitism and the University's response to those allegations.

12.     **Amended Interrogatory Responses**:  Within thirty (30) days of the date of this Order, CMU shall provide a complete response to Plaintiff's Interrogatory No. 10, which response shall not be limited pursuant to any objection.  This response shall be verified by CMU's General Counsel.  Plaintiff's Interrogatory No. 10 asks CMU to: "Identify all Persons involved in the hiring or appointment of faculty, administrators, or staff members at CMU or CMU Qatar whose positions were created, funded, or otherwise influenced in any way by financial support from any Qatari donor, entity, or representative."  CMU's objections to Plaintiff's Interrogatory No. 10 are overruled.

13.     **Privilege Log**:  To the extent CMU withholds or redacts any documents responsive to this Order or the December 5 Order on the basis of any privilege, CMU shall produce a log identifying each such document within thirty (30) days of the date of this Order.

14.     **Certification of Compliance**:  No later than thirty (30) days from the date of this Order, CMU's General Counsel shall provide a sworn declaration to Plaintiff verifying (a) compliance with this Order based upon her personal knowledge and involvement in the compliance process; (b) that CMU's reporting and disclosures to the U.S. Department of Education pursuant to Section 117 of the Higher Education Act of 1965, 20 U.S.C. § 1011f, relating to CMU's relationship with Qatar and its affiliates or delegates is complete and accurate; and (c) that CMU's responses to the December 5 Order and this Order are not limited to reflect only funding from Qatari entities subject to Section 117 reporting requirements.

15.     **Attorneys' Fees and Costs**:  CMU shall pay Plaintiff for the costs and attorneys' fees incurred in connection with discovery and other actions undertaken to enforce Defendant's compliance with the December 5 Order, including but not limited to (a) making submissions to and conferencing with the Court regarding Defendant's noncompliance with the December 5

Order, and (b) bringing this application to enforce the Court's December 5 Order. "Under Federal Rule of Civil Procedure 37(b)(2)(A), the failure 'to obey an order to provide or permit discovery' may result in the imposition of sanctions. In addition to imposing non-monetary sanctions, 'the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.' Monetary sanctions are inappropriate only if 'the failure was substantially justified or other circumstances make an award of expenses unjust.' Pursuant to Rule 37(a)(5), if a motion to compel is granted, 'the party or deponent whose conduct necessitated the motion' may be required 'to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Rohrbach v. NVR, Inc.*, 2022 U.S. Dist. LEXIS 160886, at \*1–2 (E.D. Pa. July 8, 2022). Defendant has provided no substantial justification for its substantial noncompliance with the Court's December 5 Order. Plaintiff has attempted in good faith to obtain the relevant discovery and compliance without court action. An award of expenses is not unjust.

16.    No later than 30 days from the date of this Order, the parties shall submit a joint notice and proposed order informing the Court of the amount of attorneys' fees and costs that Plaintiff shall be awarded; or Plaintiff shall submit to the Court a proposed order and declaration in support of an award of attorneys' fees and costs pursuant to Paragraph 15 of this Order, to which CMU may respond no later than 7 days after it is filed; provided however, that such response shall be limited in scope only to the amount of the attorneys' fees and costs requested.

SO ORDERED.

_____
W. Scott Hardy
United States District Judge

Dated: _____

7