**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YAEL CANAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-cv-02107-WSH |
| v. | ) | |
| | ) | |
| CARNEGIE MELLON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO ENFORCE THE COURT'S ORDER DATED DECEMBER 5, 2025**

Pursuant to the Court's June 16, 2026 Order (Doc. No. 157) and Rule 37, Plaintiff Yael Canaan respectfully submits this brief and the Declaration of Sarah E. Phillips, dated August 4, 2026 in support of her motion to enforce this Court's December 5, 2025 Order (Doc. No. 123) (the "December 5 Order") and to enter Plaintiff's Proposed Order accompanying her motion.

## PRELIMINARY STATEMENT

On December 5, 2025, this Court ordered CMU to produce information related to its more than $1 billion relationship with the State of Qatar.  Nearly eight months later, CMU still has not complied.  In blatant disregard of the December 5 Order, CMU has devoted the past eight months to manufacturing justifications for noncompliance while attempting to conceal the extent of the noncompliance from Plaintiff and the Court.  CMU has done so through opaque and contradictory discovery responses, shifting explanations for its failure to produce ordered discovery, and representations suggesting compliance when the record showed otherwise.  On June 16, the Court ordered the parties to confer on a draft order curing CMU's deficiencies.

On June 30, 2026, Plaintiff sent CMU a draft proposed compliance order as directed by the Court on June 16.  Then, after CMU responded with a markup of Plaintiff's proposed order, there was a two-week period for counsel-to-counsel negotiations. On July 28, the last day for the parties to agree on a proposed order, CMU informed Plaintiff for the first time that it intended to raise multiple, unspecified objections to substantive provisions of the order, including provisions it had previously agreed to, such as providing a certification of its compliance.  As of the date of filing, CMU has still not provided Plaintiff with these objections.

CMU's continued refusal to comply with this Court's orders is sanctionable and has substantially prejudiced Plaintiff's ability to prepare her case.  Accordingly, Plaintiff respectfully requests that the Court enter Plaintiff's Proposed Order, which: (i) orders CMU to produce the

documents it should have produced six months ago and respond accurately to Interrogatory 10

regarding Qatari funding of CMU salaries within 30 days; (ii) orders CMU's General Counsel to

certify its compliance; and (iii) awards Plaintiff her reasonable expenses pursuant to Rule 37.

## **RELEVANT BACKGROUND**

The December 5 Order compelled CMU to produce, *inter alia*, information

demonstrating the full economic benefit CMU received from its Qatari relationship, a

particularized accounting of Qatari funding of the salaries of administrators overseeing

Plaintiff's Title VI complaint, and instructions or guidance relating to CMU's obligation to abide

by Qatari laws and respect Qatari cultural, religious, and social customs.[1]  After developing

evidence that CMU failed to comply with the December 5 Order, Plaintiff sought this Court's

intervention pursuant to its Chambers Practices and Procedures II.B.2.  At the Court's direction,

Plaintiff submitted a letter on June 15, 2026 (the "Enforcement Letter") outlining CMU's

deficient response to the December 5 Order.  *See* Phillips Decl. Ex. 1.  CMU opposed.

On June 16, 2026, the Court held a telephonic hearing during which it was confirmed that

CMU had provided conflicting responses to the same interrogatory that concealed Qatari funding

of senior administrators' salaries, omitted records reflecting the full economic benefit of its

Qatari relationship, failed to search key custodians, and failed to conduct a reasonable search for

discovery regarding CMU's contractual obligations to abide by Qatari laws and customs.  After

the hearing, the Court directed Plaintiff to provide CMU with a proposed compliance order by

June 30, CMU to respond by July 14, and the parties to meet and confer "meaningfully and in

good faith" through July 28 in an effort to agree on a proposed order addressing CMU's failure

to comply.

---

[1] *See* December 5 Order at 27–30.

On June 30, 2026, Plaintiff provided CMU with her draft proposed order. On July 14, 2026, CMU responded by marking it up with limited revisions. Thereafter, the parties held three telephonic conferences and exchanged five drafts of the revised proposed order. As of July 24, 2026, there were two open issues that Plaintiff expected would be resolved consensually. But on July 28, the last day of the Court-ordered meet-and-confer period, CMU announced there was no longer agreement and that it was preparing numerous objections to substantive provisions of the draft. CMU has not provided these objections or its revised proposed order.

CMU's failure to comply with this Court's orders is not limited only to the December 5 Order. When given the opportunity to resolve its noncompliance, it failed to complete the process ordered by the Court on June 16, 2026. Because CMU continues to withhold information in violation of this Court's orders, Plaintiff respectfully requests that the Court enter her Proposed Order.

## ARGUMENT

### I.    CMU Failed to Comply with the December 5 Order Without Justification

CMU has willfully failed to comply with the December 5 Order. As reflected in Plaintiff's Enforcement Letter and the June 16, 2026 hearing transcript (*see* Phillips Decl. Exs. 1 & 2), CMU has offered no justification, let alone a substantial justification, for its failure to produce the information ordered by the Court. CMU has also now failed to comply with the Court's June 16, 2026 Order by abandoning the Court-ordered meet-and-confer process and failing to provide Plaintiff with a competing proposed order by the Court-ordered deadline.

### II.    The Court Should Enter Plaintiff's Proposed Order

Pursuant to Rule 37(b)(2)(A), this Court has discretion to "issue further just orders" to enforce its discovery orders. Plaintiff's Proposed Order requires CMU to cure its deficient productions and provide a complete and truthful response to Interrogatory No. 10 regarding

Qatari funding of CMU salaries within thirty days; have its General Counsel certify its compliance; and reimburse Plaintiff's reasonable expenses associated with CMU's failure to comply.  The discovery required by Plaintiff's Proposed Order tracks the December 5 Order nearly verbatim, adding specific custodians and searches necessary to cure CMU's deficiencies. CMU initially agreed to provide this proposed discovery, and has not provided timely objections.

When CMU abandoned discussions over a stipulated order to direct compliance with the Court's December 5 Order, only two issues remained unresolved, both of which should be resolved in Plaintiff's favor.

### A. CMU Must Produce the Discovery in Plaintiff's Proposed Order in 30 Days

A thirty-day deadline for compliance is reasonable and appropriate under the circumstances.  CMU has been on notice of the December 5 Order for months, it has the resources to comply and its repeated delays should not be rewarded with additional time.

### B. CMU's General Counsel Must Provide a Certification of Compliance (Proposed Order ¶ 14)

CMU's General Counsel should be required to certify compliance with the Court's orders.  Requiring an appropriate officer to certify that a party has remedied its failure to comply with a discovery order is a permissible exercise of the Court's broad discretion to enforce its discovery orders.  *See, e.g.*, *Vitamin Energy, Inc. v. Evanston Ins. Co*., No. 2:19-CV-03672-JHS, 2023 U.S. Dist. LEXIS 141260, at *19 (E.D. Pa. Feb. 24, 2023) (recommending that non-compliant party and its counsel be ordered "to certify, under penalty of perjury that [party] has conducted a thorough and diligent search" and "certify that it has produced all responsive documents" in view of opposing party's "desire for assurance that [noncompliant party] has diligently complied with discovery.").

4

The record demonstrates that CMU has not complied with the Court's discovery orders. A certification by the same individuals involved in CMU's prior deficient discovery responses would provide little assurance that CMU has complied with its obligations now.  Plaintiff therefore requests certification by CMU's General Counsel, who has independent professional duties to the Court and can provide the appropriate assurance that CMU has, this time, fully complied with the Court's orders.

### C.  Fee Shifting Is Appropriate Under These Circumstances

When a party has failed to comply with its discovery obligations and a court order, "the court must order" the non-compliant party, its counsel, or both to "pay the reasonable expenses, including attorney's fees, caused by the failure," unless the failure was "substantially justified" or an award would otherwise be "unjust."  *See Rohrbach v. NVR, Inc.*, 2022 U.S. Dist. LEXIS 160886, at *1–2 (E.D. Pa. July 8, 2022) (quoting Rule 37(b)(2)(C)).  CMU has offered no justification, substantial or otherwise, for its undisputed non-compliance and it cannot show that an award of expenses would be unjust in view of its conduct during the meet-and-confer process. Plaintiff should be awarded accrued fees associated with CMU's non-compliance with the Court's orders.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's motion to enforce the Court's order dated December 5, 2025 and enter Plaintiff's Proposed Order.

Dated: August 4, 2026

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Bryce L. Friedman
Bryce L. Friedman
Sarah E. Phillips
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Email: bfriedman@stblaw.com
         sarah.phillips@stblaw.com

THE LAWFARE PROJECT

Ziporah Reich
633 Third Avenue, 21st Floor
New York, NY 10017
Tel: (212) 339-6995
Email: Ziporah@theLawfareProject.org

*Attorneys for Plaintiff Yael Canaan*

6